UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gamma-10 Plastics, Inc.,

Plaintiff,

vs. MINUTE ORDER

Solvay Polymers, Inc.,

Defendant. Civ. No. 00-345 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of September, 2002.

* * *

On September 26, 2002, the Court heard argument on the Motion of Plaintiff's counsel of Record, Mark N. Stageberg, Esq. ("Stageberg"), to withdraw from his representation of the Plaintiff. At the time of the Hearing, the Plaintiff appeared by Stageberg, the Defendant appeared by Steven J. Wells, Esq., and Joseph J. Kopstein ("Kopstein"), who is the President of the Plaintiff, also appeared. For reasons which follow, we defer the Motion to Withdraw.

This is an action which, by Order of the District Court, the Honorable David S. Doty presiding, was submitted to binding Arbitration. The Arbitrator ruled in favor of the Defendant, but directed the Defendant to pay eighty percent (80%) of the costs,

(24)

SEP 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and expenses, of the Arbitration, and to pay $5,000.00 of the Plaintiff's attorney's fees. Following the Arbitration, a dispute, partly related to attorney's fees, ensued between Stageberg and the Plaintiff. The dispute was submitted to the Hennepin County Fee Arbitration Board, which rendered a decision, which is being appealed by the Plaintiff on grounds of fraud and mistake. Apparently believing, that the Arbitration Award would not be finalized until the differences, between Stageberg and the Plaintiff, were resolved, the matter has stalled in the doldrums.

At the direction of the District Court, by Order dated August 16, 2002, we scheduled a Settlement Conference in this matter, as the District Court had set the Trial of this matter to commence during the week of September 23, 2002. In response to our Order, the Defendant advised that the matter had been arbitrated, and that no Settlement Conference was warranted, while Stageberg advised that his retention as counsel for the Plaintiff had been terminated by Kopstein. For his part, Kopstein informed the Court, by letter dated August 27, 2002, that he believed that the Arbitration Award, between the Defendant and the Plaintiff, had been procured by fraud, and that he was "in the process of retaining counsel to make the appropriate motion to vacate the award." Given these disparate views, we conducted a Status Conference on August 29, 2002.

The Status Conference confirmed the positions previously expressed by the participants, and persuaded this Court that a Settlement Conference would be futile, and we advised the District Court accordingly. By Order dated September 3, 2002, the District Court removed this matter from its September Trial Calendar, and by Order dated September 17, 2002, we canceled the Settlement Conference that we had previously set.

As noted, on September 25, 2002, we heard further from the respective interests as to Stageberg's Motion to Withdraw. At the outset, we noted that, in this Circuit, "a non-lawyer has no right to represent another entity in federal court." Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2002), citing Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994); Simitar Entertainment, Inc. v. Silva Entertainment, 44 F. Supp.2d 986, 990 (D. Minn. 1999). We further noted that the District Court has scheduled a Hearing, on the Defendant's Motion to Confirm Arbitration Award, for October 25, 2002. As we then related, if the Court were to grant Stageberg's Motion, absent the appearance of other counsel for the Plaintiff, no legally competent opposition could be voiced against the Defendant's Motion.

Kopstein advised that he had been searching for legal counsel without much success, but that three lawyers had expressed an interest in representing him, but had expressed concern about the

impending Hearing date on the Defendant's Motion. Additionally, Kopstein represented that the evidence of purported fraud, which would support a Motion to Vacate the Arbitration Award, was strong and, in part, was known to Stageberg. Stageberg denied any such knowledge and expressed the view that, given his professional oath, he could not responsibly support a Motion to Vacate the Arbitration Award on fraud grounds.[1] Upon our inquiry, Kopstein advised that

---

[1]Within this District, unless otherwise provided by the specific Rules of this Court, the Minnesota Rules of Professional Conduct govern the actions of counsel admitted to practice before this Court. See, D. Minn. LR 83.6(d)(1). Rule 3.3, Minnesota Rules of Professional Conduct, provide that an attorney shall not knowingly:

> (1) make a false statement of fact to a tribunal;
>
> (2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
>
> (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
>
> (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

In turn, Rule 1.16(a)(1) and (c), Minnesota Rules of Professional Con-duct provide as follows:

(continued...)

the Plaintiff is a public corporation which has approximately one hundred shareholders. As such, while Kopstein may have been the representative of the Plaintiff who retained the services of Stageberg, Stageberg owes his allegiance to the corporation. See, Rule 1.13, Minnesota Rules of Professional Conduct. Logistically, however, Stageberg's capacity to communicate with his corporate client must, necessarily, be routed through Kopstein, who is the Plaintiff's President and, according to Stageberg, its dominant force.

As the foregoing details, at least three salient interests are placed in tension by Stageberg's Motion to Withdraw: 1) the Court's, and the Defendant's interest, in obeying the command of Rule 1, Federal Rules of Civil Procedure, which mandates the "just, speedy and inexpensive" resolution of each civil action in Federal

---

[1](...continued)

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from representation of a client if:
>
> > (1) the representation will result in violation of the Rules of Professional Conduct or other law * * *.
>
> * * *
>
> (c) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission * * *.

Court, see Mille Lacs Bank of Chippewa Indians v. State of Minnesota, 152 F.R.D. 580, 582-83 (D. Minn. 1993); 2) a litigant's interest in being properly represented by the counsel of that litigant's choice, see Glover v. Standard Federal Bank, 2001 WL 228440 *2 (D. Minn., March 6, 2001); and 3) Stageberg's interest, as an officer of the Court, in not advancing legal positions which, professionally, he finds to be unfounded, see Warwick v. Comm'r of Internal Revenue, 173 F.2d 905, 908-09 (8th Cir. 1949). Given the tensity between these interests -- if they proceed to maturity -- we find merit to allowing the Plaintiff one further opportunity to seek legal representation in this matter, other than through the services of Stageberg.[2]

According to Kopstein, he has held the information, which he contends will sustain a challenge to the Arbitration Award, on the grounds of fraud, for some months. Nonetheless, he has not shared his interest -- assuming it to be the same as the Plaintiff corporation's interest -- with Stageberg, nor has he successfully obtained substitute counsel to file a Motion to Vacate the Arbitration Award. Kopstein represents that, while he has had productive

---

[2]During the Hearing, Kopstein expressed interest in creating an intermediary, between the Plaintiff and Stageberg, and we encouraged such a process, if one could be effectuated, that would allow Stageberg's continued representation of the Plaintiff. We also expressed, however, that we have neither the interest, nor the authority, to intervene in the creation of any such liaison.

contact with several attorneys, they have expressed concern about the impending Hearing date on the Defendant's Motion to Confirm. While we have no means to test that representation, we do note that, if the evidence of fraud is so compelling, then competent counsel can communicate such a basis, to withstand an Order confirming the Award, with but modest preparation.

Nonetheless, we take Kopstein at his word, and we allow the Plaintiff five additional business days, until the close of business -- 5:00 o'clock p.m. -- on October 3, 2002, to advise this Court that substitute counsel has been retained to represent the Plaintiff's interests in this proceeding. Absent such an advisory, we will issue an Order which will resolve Stageberg's Motion forthwith.

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion of Mark N. Stageberg to Withdraw as counsel of Record for the Plaintiff is taken under advisement, until 5:00 o'clock p.m., on October 3, 2002.

2. That, prior to 5:00 o'clock p.m., on October 3, 2002, the Plaintiff is directed to advise the Court if substitute counsel has been retained by the Plaintiff.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE