UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Gamma-10 Plastics, Inc.,

Plaintiff,

vs. ORDER

Solvay Polymers, Inc.,

Defendant. Civ. No. 00-345 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 9th day of October, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motion of Plaintiff's counsel of Record, Mark N. Stageberg, Esq. ("Stageberg"), to withdraw from his representation of the Plaintiff. By Order dated September 26, 2002, we detailed the factual background, and the law applicable to Stageberg's Motion, as well as the interests that Motion has placed in tension. In particular, we detailed, and reemphasized for the Plaintiff's benefit, that Stageberg's withdrawal, if granted by the Court, would leave the Plaintiff without legal representation until such time as the Plaintiff retained other legal counsel. Given the legal signifi-

29

OCT 09 2002

cance of Stageberg's potential withdrawal, and in view of the representations, by the Plaintiff's chief executive officer, Joseph J. Kopstein ("Kopstein"), that the Plaintiff was actively seeking to retain substitute counsel, we deferred a ruling on Stageberg's Motion until 5:00 o'clock p.m., on October 3, 2002, by which time, Kopstein was to advise the Court of his success in retaining legal representation for the Plaintiff.

On October 3, 2002, Kopstein sent, by telefacsimile, a letter advising that "new counsel ha[d] not been retained," but that he had scheduled a further meeting with one, additional attorney, for October 9, 2002. By letter dated October 4, 2002, Kopstein informed us that he retained a retired Special Agent with the Federal Bureau of Investigation, but he had no further comment as to the retention of legal counsel. It does not appear that Kopstein's letters to this Court were copied either to Stageberg, or to counsel for the Defendant. Accordingly, we append copies of those letters to this Order, and direct Kopstein to copy defense counsel with any further communications to this Court. Further, we direct Kopstein to communicate with this Court only in writing, and he is not to telephone, further, this Court's law clerks.

As for Stageberg's Motion to Withdraw, we are satisfied, by our audit of the exchanges between Stageberg and Kopstein, as they occurred during the course of our Hearings in this matter, that the

level of discord between them dooms Stageberg's capacity to professionally represent the Plaintiff corporation's legal interests. Moreover, we are satisfied that no further deferral in the issuance of this Order is warranted. Kopstein appears not to have taken full measure of the gravity of our prior forewarning -- that neither he, nor any other nonlawyer, may represent the Plaintiff before this Court -- and the fact that he is capable of now retaining investigators but, to the present, has been incapable of securing legal representation for the corporation he heads, may not bode well for that corporation's legal interests. The discord, between Kopstein and Stageberg, appears to have flourished for months.

We had anticipated that a "cooling off period," during which the corporate directors of the Plaintiff could assess the prospect of being without legal representation to advance the corporation's interests, as opposed to further representation by Stageberg, might prompt a rapprochement between those factions, but we were unrealistically optimistic. Therefore, finding abundant merit in Stageberg's Motion to Withdraw, we grant the same.

NOW, THEREFORE, It is --

ORDERED:

That the Motion of Plaintiff's counsel of Record to Withdraw from his representation of the Plaintiff [Docket Nos. 17 and 21] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE